# Supreme Court of Florida

_____

No. SC15-1582
_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES
OF CRIMINAL PROCEDURE AND
FLORIDA RULE OF APPELLATE PROCEDURE 9.140.**

[October 8, 2015]

PER CURIAM.

This matter is before the Court for consideration of out-of-cycle

amendments to the Florida Rules of Criminal Procedure and the Florida Rules of

Appellate Procedure.  See Fla. R. Jud. Admin. 2.140(e).  We have jurisdiction[1] and

adopt the amendments as proposed with one minor exception discussed below.

The Criminal Procedure Rules Committee (CPRC) and the Appellate Court

Rules Committee (ACRC) filed a fast-track out-of-cycle report proposing

amendments to Florida Rules of Criminal Procedure 3.220 (Discovery) and 3.989

(Affidavit, Petition, and Order to Expunge or Seal Forms), and to Florida Rule of

Appellate Procedure 9.140 (Appeal Proceedings in Criminal Cases).  The CPRC

---

1.  See art. V, § 2(a), Fla. Const.

also proposes new criminal rules 3.781 (Sentencing Hearing to Consider the Imposition of a Life Sentence for Juvenile Offenders) and 3.802 (Review of Sentences for Juvenile Offenders).

We discuss the more significant amendments to the criminal and appellate rules below.

Rule 3.220 (Discovery) is amended to add the statutory reference of section 48.031, Florida Statutes, to subdivision (h)(1) (Discovery Depositions; Generally). This change is necessitated by chapter 2015-59, section 1, Laws of Florida, which went into effect on July 1, 2015. Amended section 48.031(3)(b) allows a criminal witness subpoena for appearance for a deposition to be "posted by a person authorized to serve process at the witness's residence if one attempt to serve the subpoena has failed."

New rule 3.781 (Sentencing Hearing to Consider the Imposition of a Life Sentence for Juvenile Offenders) derives from the enactment of section 921.1401, Florida Statutes, which was created by chapter 2014-220, section 2, Laws of Florida, and went into effect on July 1, 2014. As enacted, section 921.1401 allows the trial court to conduct a separate sentencing hearing to determine if life imprisonment, or a term of years equal to life imprisonment, is the appropriate sentence for a juvenile convicted of an offense described in sections 775.082(1)(b), 775.082(3)(a)5., 775.082(3)(b)2., or 775.082(3)(c), Florida Statutes. New rule

3.781 details the procedure for an evidentiary hearing and the required specific findings prior to imposing a life sentence or a term of years equal to a life sentence. The rule also allows the procedure to be used "for resentencing any juvenile offender whose sentence is determined to be unconstitutional pursuant to the United States Supreme Court's decisions in Miller v. Alabama, 132 S. Ct. 2455 (2012) and Graham v. Florida, 560 U.S. 48 (2010)." Consistent with section 921.1401, and modified from the CPRC's proposal, rule 3.781 applies to crimes committed under the specified statutes "on or after July 1, 2014."

The Court adopts new rule 3.802 (Review of Sentences for Juvenile Offenders), which derives from the enactment of section 921.1402, Florida Statutes. Chapter 2014-220, section 3, Laws of Florida, effective July 1, 2014, created new section 921.1402, Florida Statutes, which provides for the review of sentences for persons convicted of specified offenses committed while under the age of 18 years. Rule 3.802 addresses the process for applying for a sentence review hearing, which includes the following: who may apply, when an application may be filed, the required contents of the application, which court has jurisdiction to conduct the sentence review hearing, the procedure for the evidentiary hearing, disposition of the application if filed prematurely, and successive applications.

The Court amends rule 3.989 (Affidavit, Petition, and Order to Expunge or Seal Forms), subdivision (g) (Order to Expunge; Human Trafficking Victim), to

change the statutory reference in the title of the form from section 943.0585 to section 943.0583, because section 943.0583 was amended by chapter 2013-98, section 2, Laws of Florida, and provides for the expunction of a criminal history record for victims of human trafficking.

Lastly, rule 9.140(b)(1)(D) (Appeal Proceedings in Criminal Cases; Appeals by Defendant; Appeals Permitted) is amended to add new rule 3.802 to the list of postconviction rules in which the orders in such cases may be appealed after relief is denied.

Accordingly, we amend the Florida Rules of Criminal Procedure and the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken through.[2] The amendments to this rule shall become effective immediately. Because the Court did not publish the proposed amendments prior to their adoption, interested persons shall have sixty days from the date of this opinion in which to file with the Court comments to any of the rules herein adopted or amended.[3]

---

2. In rule 3.220(h)(1), the text that is deleted by this Court's opinion in In re: Amendments to the Florida Rules of Criminal Procedure, Case No. SC15-177, effective January 1, 2016, at 12:01 a.m., is shown in double strike-through type.

3. All comments must be filed with the Court on or before December 7, 2015, with a certificate of service verifying that a copy has been served on the Chair of The Florida Bar's Criminal Procedure Rules Committee, Meredith Charbula, Office of the State Attorney, 311 West Monroe Street, Jacksonville, Florida 32202-4242, mcharbula@coj.net, and on the Bar Staff Liaison to the

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

Meredith Charbula, Chair, Criminal Procedure Rules Committee, Jacksonville, Florida; Judge T. Kent Wetherell, II, Chair, Appellate Court Rules Committee, Tallahassee, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

---

Committee, Heather Telfer, 651 E. Jefferson Street, Tallahassee, FL 32399-2300, htelfer@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until December 28, 2015, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re: Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

# APPENDIX

**RULE 3.220.    DISCOVERY**

**(a) – (g)    [No Change]**

**(h)** Discovery Depositions.

**(1)  Generally.** At any time after the filing of the charging document any party may take the deposition upon oral examination of any person authorized by this rule. A party taking a deposition shall give reasonable written notice to each other party and shall make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice shall state the time and the location where the deposition is to be taken, the name of each person to be examined, and a certificate of counsel that a good faith effort was made to coordinate the deposition schedule. After notice to the parties the court may, for good cause shown, extend or shorten the time and may change the location of the deposition. Except as provided herein, the procedure for taking the deposition, including the scope of the examination, and the issuance of a subpoena (except a subpoena duces tecum) for deposition by an attorney of record in the action, shall be the same as that provided in the Florida Rules of Civil Procedure and section 48.031, Florida Statutes. Any deposition taken pursuant to this rule may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. The trial court or the clerk of the court may, upon application by a pro se litigant or the attorney for any party, issue subpoenas for the persons whose depositions are to be taken. In any case, including multiple defendants or consolidated cases, no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown. A witness who refuses to obey a duly served subpoena may be adjudged in contempt of the court from which the subpoena issued.

(A) – (D)  [No Change]

(2) – (8)  [No Change]

**(i) – (o)  [No Change]**

**Committee Notes**
**[No Change]**

- 6 -

**RULE 3.781.** **SENTENCING HEARING TO CONSIDER THE IMPOSITION OF A LIFE SENTENCE FOR JUVENILE OFFENDERS**

**(a)** **Application.** The courts shall use the following procedures in sentencing a juvenile offender for an offense which was committed after July 1, 2014, if the conviction can result in a sentence of life imprisonment or a term of years equal to life imprisonment, or for resentencing any juvenile offender whose sentence is determined to be unconstitutional pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012) or *Graham v. Florida*, 560 U.S. 48 (2010).

**(b)** **Procedure; Evidentiary Hearing.** After a determination of guilt for an offense punishable under sections 775.082(1)(b), 775.082(3)(a)5., 775.082(3)(b)2., or 775.082(3)(c), Florida Statutes, and after the examination of any presentence reports, the sentencing court shall order a sentencing hearing to be held pursuant to rules 3.720 and 3.721. The sentencing court shall allow the state and defendant to present evidence relevant to the offense, the defendant's youth, and attendant circumstances, including, but not limited to those enumerated in section 921.1401(2), Florida Statutes. Additionally, the court shall allow the state and the defendant to present evidence relevant to whether or not the defendant killed, intended to kill, or attempted to kill the victim.

**(c)** **Findings.** The court shall make specific findings on the record that all relevant factors have been reviewed and considered by the court prior to imposing a sentence of life imprisonment or a term of years equal to life imprisonment. The court shall make written findings as to whether the defendant is eligible for a sentence review hearing under sections 921.1402(2)(b) or (2)(c), Florida Statutes, based on whether the defendant killed, attempted to kill, or intended to kill the victim.

In capital cases, the court's determination of whether the defendant is eligible for a sentence review hearing is based further on whether the defendant has a previous conviction for one of the enumerated offenses or conspiracy to commit one of the enumerated offenses found in section 921.1402(2)(a), Florida Statutes.

A copy of the written findings shall be made a part of the commitment packet for the Department of Corrections.


**RULE 3.802.        REVIEW OF SENTENCES FOR JUVENILE OFFENDERS**

**(a)        Application.** A juvenile offender, as defined in section 921.1402(1), Florida Statutes, may seek a modification of sentence pursuant to section 921.1402, Florida Statutes, by submitting an application to the trial court requesting a sentence review hearing.

**(b)        Time for Filing.** An application for sentence review may not be filed until the juvenile offender becomes eligible pursuant to section 921.1402(2), Florida Statutes. A juvenile offender becomes eligible:

(1)        after 25 years, if the juvenile offender is sentenced to life under section 775.082(1)(b)1., Florida Statutes, or to a term of more than 25 years under sections 775.082(3)(a)5.a. or 775.082(3)(b)2.a., Florida Statutes; or

(2)        after 20 years, if the juvenile offender is sentenced to a term of 20 years or more under section 775.082(3)(c), Florida Statutes; or

(3)        after 15 years, if the juvenile offender is sentenced to a term of more than 15 years under sections 775.082(1)(b)2., 775.082(3)(a)5.b., or 775.082(3)(b)2.b., Florida Statutes.

**(c)        Contents of Application.** The application must certify that the juvenile offender is eligible for sentence review and include:

(1)        a copy of the judgment and sentence;

(2)        the nature of the relief sought;

(3)        whether a previous application has been filed, the date of filing of the application, and the disposition of that application;

(4)        a brief statement outlining the facts in support of the application; and

(5)    if the application is being filed by a juvenile offender sentenced to life pursuant to section 775.082(1)(b)1., Florida Statutes, a statement certifying that the applicant has not been previously convicted of one of the offenses enumerated in section 921.1402(2)(a)1.–(2)(a)10., Florida Statutes, or conspiracy to commit one of offenses enumerated in section 921.1402(2)(a)1.–(2)(a)10., Florida Statutes, in a separate criminal transaction or episode than that which resulted in the sentence under section 775.082(1)(b)1., Florida Statutes.

**(d)    Procedure; Evidentiary Hearing; Disposition.** Upon application from an eligible juvenile offender, the trial court shall hold a sentence review hearing to determine whether the juvenile offender's sentence should be modified. The juvenile offender is entitled to be represented by counsel at the review hearing. If the application, files, and records in the case conclusively show that the applicant does not qualify as a juvenile offender under section 921.1402(1), Florida Statutes, or that the application is premature, the court may deny the application without a hearing. If an application is denied as premature, the denial shall be without prejudice.

(1)    At the sentence review hearing, the court shall consider the following factors when determining if it is appropriate to modify the juvenile offender's sentence:

(A)    whether the juvenile offender demonstrates maturity and rehabilitation;

(B)    whether the juvenile offender remains at the same level of risk to society as he or she did at the time of the initial sentencing;

(C)    the opinion of the victim or the victim's next of kin;

(D)    whether the juvenile offender was a relatively minor participant in the criminal offense or acted under extreme duress or the domination of another person;

(E)    whether the juvenile offender has shown sincere and sustained remorse for the criminal offense;

(F)    whether the juvenile offender's age, maturity, and psychological development at the time of the offense affected his or her behavior;

- 9 -

(G)     whether the juvenile offender has successfully obtained a general educational development certificate or completed another educational, technical, work, vocational, or self-rehabilitation program, if such a program is available;

(H)     whether the juvenile offender was a victim of sexual, physical, or emotional abuse before he or she committed the offense;

(I)     the results of any mental health assessment, risk assessment, or evaluation of the juvenile offender as to rehabilitation; and

(J)     any other factor the court deems appropriate.

(2)     If the court determines at a sentence review hearing that the juvenile offender has been rehabilitated and is reasonably believed to be fit to reenter society, the court shall modify the sentence and impose a term of probation of at least 5 years. If the court determines that the juvenile offender has not demonstrated rehabilitation, or is not fit to reenter society, the court shall issue a written order stating the reasons why the sentence is not being modified.

**(e)     Successive Applications.** A second or successive application shall be denied without a hearing, except under the following circumstances:

(1)     the initial application was denied as premature; or

(2)     pursuant to section 921.1402(2)(d), Florida Statutes, the initial application was submitted by a juvenile offender sentenced to a term of 20 years or more under section 775.082(3)(c), Florida Statutes, and more than 10 years has elapsed since the initial sentence review hearing.

**(f)     Jurisdiction.** The sentencing court shall retain original jurisdiction for the duration of the sentence for the purpose of a sentence review hearing.

## RULE 3.989.  AFFIDAVIT, PETITION, AND ORDER TO EXPUNGE OR SEAL FORMS

### (a)  Affidavit in Support of Petition.

In the Circuit Court of the _____ Judicial Circuit, in and for _____ County, Florida

Case No.: _____
Division _____

State of Florida,           )
                            )
   Plaintiff,         )
                            )
v.                          )
                            )
_____,)
                            )
   Defendant/Petitioner    )
_____    )

AFFIDAVIT

State of Florida

County of _____

     I, .....(name of defendant/petitioner)....., am the defendant/petitioner in the above-styled cause and I do hereby swear or affirm that:

     1.  I fully understand the meaning of all of the terms of this affidavit.

     2.  I have never been adjudicated guilty of a criminal offense or a comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.

     3.  I was arrested on .....(date)....., by .....(arresting agency)....., and I have not been adjudicated guilty of, nor adjudicated delinquent for committing, any of the acts stemming from that arrest or the alleged criminal activity surrounding my arrest.

     4.  I am eligible for the relief requested, to the best of my knowledge and belief, and do not have any other petition to expunge or seal pending before any court.

5.  I have never secured a prior records expunction or sealing under any law.

6.  (For use in expunction petitions only.) My record of arrest for this date has been sealed for at least 10 years; or an indictment, information, or other charging document was not filed against me for the above criminal transaction; or an indictment, information, or other charging document filed against me was dismissed by the prosecutor or the court.

_____
Petitioner

Sworn to and subscribed before me on .....(date).....

_____
NOTARY PUBLIC, or other person
authorized to administer an oath

Printed, typed, or stamped commissioned
name of Notary Public

Personally known .......... or produced identification ..........

Type of identification produced ...................

My commission expires:

## (b) – (c)  [No Change]

## (d)  Petition to Expunge or Seal.

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,                                )
                                                           )
     Plaintiff,                                      )
                                                           )
v.                                                     )
                                                           )
_____,)
                                                           )
     Defendant/Petitioner             )
_____)

PETITION TO EXPUNGE OR SEAL

The petitioner, .........., by and through the undersigned attorney, petitions this honorable court, under Florida Rule of Criminal Procedure 3.692 and section ..... 943.0585, or ..... section 943.059 Florida Statutes, to .....expunge/seal..... all criminal history record information in the custody of any criminal justice agency and the official records of the court concerning the petitioner's arrest on .....(date)....., by .....(arresting agency)....., for .....(charges)....., and as grounds therefor shows:

1. On .....(date)....., the petitioner, .........., a .....(race/sex)....., whose date of birth is .....(date of birth)....., was arrested by .....(arresting agency)....., and charged with .....(charges)......

2. The petitioner has not been adjudicated guilty of nor adjudicated guilty of committing any of the acts stemming from this arrest or alleged criminal activity.

3. The petitioner has not been previously adjudicated guilty of a criminal offense or a comparable ordinance violation nor adjudicated delinquent for committing a felony or a misdemeanor specified in section 943.051(3)(b), Florida Statutes.

4. The petitioner has not secured a prior records expunction or sealing under section 943.0585, or 943.059, Florida Statutes, former section 943.058, Florida Statutes, former section 893.14, Florida Statutes, or former section 901.33, Florida Statutes, or any other law, rule, or authority.

5. (To be used only when requesting expunction.) The petitioner's record has been sealed under section 943.059, Florida Statutes, former section 943.058, Florida Statutes, former section 893.14, Florida Statutes, or former section 901.33, Florida Statutes, for at least 10 years; or there has not been an indictment, information, or other charging document filed against the petitioner who is the subject of this criminal history record information; or an indictment, information, or other charging document filed against the petitioner who is the subject of this criminal history information was dismissed by the prosecutor or the court.

6. A Certificate of Eligibility for .....expunction/sealing..... of nonjudicial criminal history records issued by the Florida Department of Law Enforcement accompanies this petition.

WHEREFORE, the petitioner moves to .....expunge/seal..... any criminal history record information and any official court records regarding his/her arrest by .....(arresting agency)....., for .....(charges)....., on .....(date)......

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served on .....(name of prosecuting authority)....., (check one) ..... State Attorney for the .......... Judicial Circuit, in and for ......... County, ..... Special Prosecutor, ..... Statewide Prosecutor); .....(arresting agency).....; .......... (Sheriff of county in which defendant was arrested, if different); and the Florida Department of Law Enforcement, on .....(date)......

Name:
Address:
City/State:
Telephone Number:
E-mail Address:
Fla. Bar No.:

**(e)** **Petition to Expunge; Human Trafficking Victim.**

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

State of Florida,                                     )
                                                      )
    Plaintiff,                        )
                                                      )
v.                                                    )
                                                      )
_____,)
                                                      )
    Defendant/Petitioner.             )
_____)

PETITION TO EXPUNGE/HUMAN TRAFFICKING VICTIM


The petitioner, .........., by and through the undersigned attorney, petitions this honorable court, under Florida Rule of Criminal Procedure 3.692 and section ~~.....~~ 943.0583, Florida Statutes, to expunge all criminal history record information in the custody of any criminal justice agency and the official records of the court concerning the petitioner's arrest and/or conviction on .....(date(s))....., by .....(arresting agency and/or prosecuting authority)....., for .....(charges and/or offenses)....., and as grounds therefor shows:

1.      On .....(date(s))....., the petitioner, .........., a .....(race/sex)....., whose date of birth is .....(date of birth)....., was arrested by .....(arresting agency)....., and charged with .....(charges)..... or was convicted by .....(name of prosecuting authority)..... of .....(offenses)......

2.      The petitioner has been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and has committed an offense, other than those offenses listed in 775.084(1)(b)1, which was committed as a part of a human trafficking scheme of which he/she

was the victim or at the direction of an operator of the scheme as evidenced by the attached official documentation of his/her status, or may be shown by clear and convincing evidence presented to the Court.

WHEREFORE, the petitioner moves to ..... expunge any criminal history record information and any official court records regarding his/her arrest and/or conviction by .....(arresting agency and/or name of prosecuting authority)....., for .....(charges and/or offenses)....., on .....(date(s)).....

I HEREBY CERTIFY that a true and correct copy of the foregoing pleading has been served on .....(name of prosecuting authority)....., (check one) ..... State Attorney for the .......... Judicial Circuit, in and for ......... County, ..... Special Prosecutor, ..... Statewide Prosecutor; .....(arresting agency).....; ........ (Sheriff of county in which defendant was arrested, if different); and the Florida Department of Law Enforcement, on .....(date)......

        Name:
        Address:
        City/State:
        Telephone Number:
        E-mail Address:
        Fla. Bar No.:

Personally known .......... or produced identification ..........

Type of identification produced ...................

My commission expires:

## (f) [No Change]

## (g) Order to Expunge; Human Trafficking Victim.

In the Circuit Court of the
_____ Judicial Circuit,
in and for _____
County, Florida

Case No.: _____
Division _____

- 15 -

State of Florida, )
                                  )
    Plaintiff, )
                                  )
v. )
                                  )
_____,)
                                  )
    Defendant/Petitioner. )
_____)

ORDER TO EXPUNGE, HUMAN TRAFFICKING VICTIM,
UNDER SECTION ~~943.0585~~943.0583, FLORIDA STATUTES,
AND FLORIDA RULE OF CRIMINAL PROCEDURE 3.692

THIS CAUSE, having come on to be heard before me this date upon a petition to expunge certain records of the petitioner's arrest and/or conviction on .....(date(s))....., by .....(arresting agency and/or name of prosecuting authority)....., for .....(charges and/or offenses)....., and the court having heard argument of counsel and being otherwise fully advised in the premises, the court hereby finds the following:

The petitioner has been the victim of human trafficking, as discussed in section 787.06, Florida Statutes, and has committed an offense, other than those offenses listed in 775.084(1)(b)1,which was committed as a part of a human trafficking scheme of which he/she was the victim, or at the direction of an operator of the scheme. A conviction expunged under this section is deemed to have been vacated due to a substantive defect in the underlying criminal proceedings.

**Whereupon it is**

ORDERED AND ADJUDGED that the petition to expunge is granted. All court records pertaining to the above-styled case shall be sealed in accordance with the procedures set forth in Florida Rule of Criminal Procedure 3.692; and it is further

ORDERED AND ADJUDGED that the clerk of this court shall forward a certified copy of this order to the (check one) ..... state attorney, ..... special prosecutor, ..... statewide prosecutor, ..... .....(arresting agency)....., and the Sheriff of ............. County, who will comply with the procedures set forth in section 943.0583, Florida Statutes, and appropriate regulations of the Florida Department of Law Enforcement, and who will further forward a copy of this order to any agency that their records reflect has received the instant criminal history record information; and it is further

ORDERED AND ADJUDGED that .....(arresting agency)..... shall expunge all information concerning indicia of arrest, conviction, or criminal history record information regarding the arrest, conviction, or alleged criminal activity to which this petition pertains in

- 16 -

accordance with the procedures set forth in section 943.0583, Florida Statutes, and Florida Rule of Criminal Procedure 3.692.

All costs of certified copies involved herein are to be borne by the .........

DONE AND ORDERED in Chambers at .......... County, Florida, on .....(date)......

_____
Circuit Court Judge

## RULE 9.140.        APPEAL PROCEEDINGS IN CRIMINAL CASES

**(a)  [No change]**

**(b)        Appeals by Defendant.**

**(1)        Appeals Permitted.** A defendant may appeal

(A) – (C)  [No Change]

(D)    orders entered after final judgment or finding of guilt, including orders revoking or modifying probation or community control, or both, or orders denying relief under Florida Rule of Criminal Procedure 3.800(a), 3.801, 3.802, 3.850, 3.851, or 3.853;

(E) – (G)  [No Change]

**(2) – (4)  [No Change]**

**(c) – (e)  [No Change]**

**(f)  Record**

**(1) – (5)  [No Change]**

**(6)  Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).**

(A)  The clerk of circuit court shall automatically supplement the appellate record with any motion pursuant to Florida Rule of Criminal

Procedure 3.800(b)(2), any response, any resulting order, and any amended sentence. The clerk shall electronically transmit the supplement to the court within 5 days of the filing of the order ruling on the motion. If an order is not filed within 60 days from the filing of the motion, this time shall run from the expiration of the 60-day period, and the clerk shall supplement the record with the motion and a statement that no order was timely filed.

(B)  [No change]

**(g) – (i)  [No Change]**

**Committee Notes**
**[No Change]**

**Court Commentary**
**[No Change]**