# Supreme Court of Florida

_____

No. SC15-1582

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF
CRIMINAL PROCEDURE AND FLORIDA RULE OF
APPELLATE PROCEDURE 9.140.**

[September 29, 2016]

PER CURIAM.

In In re Amendments to the Florida Rules of Criminal Procedure & Florida

Rule of Appellate Procedure 9.140, 176 So. 3d 980 (Fla. 2015), we amended

Florida Rules of Criminal Procedure 3.220 (Discovery) and 3.989 (Affidavit,

Petition, and Order to Expunge or Seal Forms), and Florida Rule of Appellate

Procedure 9.140 (Appeal Proceedings in Criminal Cases).  We also adopted new

criminal rules 3.781 (Sentencing Hearing to Consider the Imposition of a Life

Sentence for Juvenile Offenders) and 3.802 (Review of Sentences for Juvenile

Offenders).  Because the Criminal Procedure Rules Committee (CPRC) and the

Appellate Court Rules Committee (ACRC) filed a "fast-track" out-of-cycle report

proposing the amendments, the proposals had not previously been published for

comment.  Accordingly, in adopting the Committees' proposals, we provided for a

period of sixty days after release of the Court's opinion for interested persons to file comments with the Court, followed by a period of twenty-one days for the CPRC and the ACRC to file a response to any comments filed.[1] In re Amends. to Fla. Rules of Crim. Pro. & Fla. Rule of App. Pro. 9.140, 176 So. 3d at 982.

Three comments were received by the Court, including one from the Sixth Judicial Circuit pertaining to rule 3.781, one from the Florida Association of Criminal Defense Lawyers (FACDL) pertaining to rule 3.802, and one from attorneys Eugenia Keough Rains and Kenneth McLaughlin pertaining to rule 9.141 (Review Proceedings in Collateral or Post-Conviction Criminal Cases).[2] After consideration of the comments filed, the CPRC and the ACRC proposed additional amendments to the criminal rules and an amendment to rule 9.141.

We briefly discuss the new amendments to the rules as proposed and adopted by the Court.[3]

First, rule 3.781 is amended by substituting in subdivision (a) (Application) the word "may" for "can," to allow for cases in which no hearing is necessary as

---

1. We have jurisdiction. Art. V, § 2(a), Fla. Const.

2. We recognize that rule 9.141 was not previously the subject of any amendments in our earlier opinion in this case. However, the non-technical amendment to rule 9.141 pertains to one of the other rules previously amended, rule 3.802.

3. Minor, technical changes to the rules are not elaborated upon.

the parties have agreed that life imprisonment, or a term of years equal to life imprisonment, will not be sought. Next, we divide subdivision (c) (Findings) into new subdivisions (c)(1)-(c)(3). Subdivision (c)(1) adds a reference to section 921.1402(2)(a), Florida Statutes. In regard to the sentence pertaining to capital cases, the sentence is deleted and rewritten as (c)(2) so that it is not so broad, to make clear that a defendant who is convicted of premeditated murder is not entitled to a sentencing review proceeding if the defendant was previously convicted of an offense enumerated in section 921.1402(2)(a). Finally, the remainder of existing subdivision (c) is new subdivision (c)(3), which provides, "A copy of the written findings shall be made a part of the commitment packet for the Department of Corrections."

With respect to rule 3.802, we first substitute in subdivision (c) (Contents of Application) the word "state" for the word "certify." Next, the following language is added to subdivision (c)(1):

> (1) a copy of the judgment and sentence;, or a statement containing the following:
>> (A) the date of sentencing;
>> (B) the offense for which the defendant was sentenced;
> and
>> (C) the sentence imposed;

In subdivision (d), we remove the second sentence ("The juvenile offender is entitled to be represented by counsel at the review hearing.") and move it to new subdivision (g) (Right to Counsel). In addition, the requirement that the court

- 3 -

attach documents to an order if the court denies an application without a hearing is added to subdivision (d). Finally, we add new subdivision (g), which provides for the right to counsel previously included in subdivision (d).

Turning to rule 9.141, a reference to rule 3.802 is added to subdivisions (b), (b)(2)(A), (b)(3)(A), and (b)(3)(B)(i).

Accordingly, we amend the Florida Rules of Criminal Procedure and the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is underscored; deleted language is stricken through. The amendments to these rules shall become effective immediately upon the release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Criminal Procedure

H. Scott Fingerhut, Chair, Criminal Procedure Rules Committee, Coral Gables, Florida; Kristin Ann Norse, Chair, Appellate Court Rules Committee, Tampa, Florida; Judge T. Kent Wetherell, II, Past-Chair, First District Court of Appeal, Tallahassee, Florida, Meredith Charbula, Past-Chair, Jacksonville, Florida; and John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Eugenia Morgan Keough Rains, Tallahassee, Florida; Kenneth McLaughlin, Tallahassee, Florida; Jennifer Alani Parker, St. Petersburg, Florida; Luke Newman of Luke Newman, P.A., Tallahassee, Florida; and William Rudolf Ponall of Snure & Ponall, P.A., Winter Park, Florida,

Responding with Comments

**APPENDIX**

**RULE 3.781.     SENTENCING HEARING TO CONSIDER THE IMPOSITION OF A LIFE SENTENCE FOR JUVENILE OFFENDERS**

**(a)     Application.** The courts shall use the following procedures in sentencing a juvenile offender for an offense which was committed after July 1, 2014, if the conviction ~~can~~may result in a sentence of life imprisonment or a term of years equal to life imprisonment, or for resentencing any juvenile offender whose sentence is determined to be unconstitutional pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455, 2469 (2012) or *Graham v. Florida*, 560 U.S. 48 (2010).

**(b)     [No change]**

**(c)     Findings.**

(1)     The court shall make specific findings on the record that all relevant factors have been reviewed and considered by the court prior to imposing a sentence of life imprisonment or a term of years equal to life imprisonment. The court shall make written findings as to whether the defendant is eligible for a sentence review hearing under sections 921.1402(2)(a), (2)(b), or (2)(c), Florida Statutes, based on whether the defendant killed, attempted to kill, or intended to kill the victim.

~~In capital cases, the court's determination of whether the defendant is eligible for a sentence review hearing is based further on whether the defendant has a previous conviction for one of the enumerated offenses or conspiracy to commit one of the enumerated offenses found in section 921.1402(2)(a), Florida Statutes.~~

(2)     A defendant who is convicted of an offense punishable under section 775.082(1)(b)1., Florida Statutes, shall not be eligible for a sentence review hearing if the trial court finds that the defendant has previously been convicted of one of the enumerated offenses, or conspiracy to commit one of the enumerated offenses, found in section 921.1402(2)(a), Florida Statutes.

(3)     A copy of the written findings shall be made a part of the commitment packet for the Department of Corrections.

**RULE 3.802.     REVIEW OF SENTENCES FOR JUVENILE OFFENDERS**

**(a) – (b)  [No Change]**

**(c)     Contents of Application.** The application must ~~certify~~state that the juvenile offender is eligible for sentence review and include:

（1）    a copy of the judgment and sentence~~;~~, or a statement containing the following:

(A)    the date of sentencing;

(B)    the offense for which the defendant was sentenced; and

(C)    the sentence imposed;

（2）    the nature of the relief sought;

（3）    whether a previous application has been filed, the date of filing of the application, and the disposition of that application;

（4）    a brief statement outlining the facts in support of the application; and

（5）    if the application is being filed by a juvenile offender sentenced to life pursuant to section 775.082(1)(b)1., Florida Statutes, a statement certifying that the applicant has not been previously convicted of one of the offenses enumerated in sections 921.1402(2)(a)1.–(2)(a)10., Florida Statutes, or conspiracy to commit one of offenses enumerated in sections 921.1402(2)(a)1.–(2)(a)10., Florida Statutes, in a separate criminal transaction or episode than that which resulted in the sentence under section 775.082(1)(b)1., Florida Statutes.

**(d)     Procedure; Evidentiary Hearing; Disposition.** Upon application from an eligible juvenile offender, the trial court shall hold a sentence review hearing to determine whether the juvenile offender's sentence should be modified. ~~The juvenile offender is entitled to be represented by counsel at the review hearing.~~ If the application, files, and records in the case conclusively show that the applicant does not qualify as a juvenile offender under section 921.1402(1), Florida Statutes, or that the application is premature, the court may deny the application

without a hearing, and shall attach such documents to the order. If an application is denied as premature, the denial shall be without prejudice.

(1)     At the sentence review hearing, the court shall consider the following factors when determining if it is appropriate to modify the juvenile offender's sentence:

(A)     whether the juvenile offender demonstrates maturity and rehabilitation;

(B)     whether the juvenile offender remains at the same level of risk to society as he or she did at the time of the initial sentencing;

(C)     the opinion of the victim or the victim's next of kin;

(D)     whether the juvenile offender was a relatively minor participant in the criminal offense or acted under extreme duress or the domination of another person;

(E)     whether the juvenile offender has shown sincere and sustained remorse for the criminal offense;

(F)     whether the juvenile offender's age, maturity, and psychological development at the time of the offense affected his or her behavior;

(G)     whether the juvenile offender has successfully obtained a general educational development certificate or completed another educational, technical, work, vocational, or self-rehabilitation program, if such a program is available;

(H)     whether the juvenile offender was a victim of sexual, physical, or emotional abuse before he or she committed the offense;

(I)     the results of any mental health assessment, risk assessment, or evaluation of the juvenile offender as to rehabilitation; and

(J)     any other factor the court deems appropriate.

(2)     If the court determines at a sentence review hearing that the juvenile offender has been rehabilitated and is reasonably believed to be fit to reenter society, the court shall modify the sentence and impose a term of probation

of at least 5 years. If the court determines that the juvenile offender has not demonstrated rehabilitation, or is not fit to reenter society, the court shall issue a written order stating the reasons why the sentence is not being modified.

**(e) – (f)  [No change]**

**(g)     Right to Counsel.** A juvenile offender who is eligible for a sentence review hearing under section 921.1402(5), Florida Statutes, is entitled to be represented by counsel, and the court shall appoint a public defender to represent the juvenile offender if the juvenile offender cannot afford an attorney.

**RULE 9.141.     REVIEW PROCEEDINGS IN COLLATERAL OR ~~POST-CONVICTION~~POSTCONVICTION CRIMINAL CASES**

**(a)     [No change]**

**(b)     Appeals from ~~Post-Conviction~~Postconviction Proceedings Under Florida Rule of Criminal Procedure 3.800(a), 3.801, 3.802, 3.850, or 3.853.**

**(1)     [No change]**

**(2)     Summary Grant or Denial of All Claims Raised in a Motion Without Evidentiary Hearing.**

**(A)     Record.** When a motion for ~~post-conviction~~postconviction relief under rule 3.800(a), 3.801, 3.802, 3.850, or 3.853 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal shall electronically transmit to the court, as the record, the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.

**(B) – (D)  [No change]**

**(3)     Grant or Denial of Motion after an Evidentiary Hearing was Held on One or More Claims.**

**(A)     Transcription.** In the absence of designations to the court reporter, the notice of appeal filed by an indigent pro se litigant in a rule 3.801, 3.802, 3.850, or 3.853 appeal after an evidentiary hearing shall serve as the

designation to the court reporter for the transcript of the evidentiary hearing. Within 5 days of receipt of the notice of appeal, the clerk of the lower tribunal shall request the appropriate court reporter to transcribe the evidentiary hearing and shall send the court reporter a copy of the notice, the date of the hearing to be transcribed, the name of the judge, and a copy of this rule.

**(B)    Record.**

(i)    When a motion for ~~post-conviction~~postconviction relief under rule 3.801, <u>3.802,</u> 3.850, or 3.853 is granted or denied after an evidentiary hearing, the clerk of the lower tribunal shall index, paginate, and electronically transmit to the court as the record, within 50 days of the filing of the notice of appeal, the notice of appeal, motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, as well as the transcript of the evidentiary hearing.

(ii)    Appellant may direct the clerk to include in the record any other documents that were before the lower tribunal at the hearing. If the clerk is directed to include in the record a previously prepared appellate record involving the appellant, the clerk need not reindex or repaginate it.

(iii)    The clerk of the lower tribunal shall serve copies of the record on the attorney general (or state attorney in appeals to the circuit court), all counsel appointed to represent indigent defendants on appeal, and any pro se indigent defendant. The clerk of the lower tribunal shall simultaneously serve copies of the index on all nonindigent defendants and, at their request, copies of the record or portions of it at the cost prescribed by law.

**(C)    [No change]**

**(c) – (d)    [No change]**

**Committee Notes**

**[No change]**